UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELLEN MORTON,

    Petitioner,                                    Case No. 05-CV-73175-DT

v.

SUSAN DAVIS,

    Respondent,
_____/

**ORDER SUMMARILY DISMISSING PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mary Ellen Morton, presently incarcerated at Camp Brighton Institution in Pinckney, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In her *pro se* application, Petitioner challenges the sentence that she received for a probation violation.  For the reasons stated below, Petitioner's petition for writ of habeas corpus will be summarily dismissed.

**I.  BACKGROUND**

Petitioner pleaded guilty to operating under the influence of liquor ("O.U.I.L."), third offense[1] in the Jackson County Circuit Court on March 30, 2001.  On April 19, 2001, Petitioner was sentenced to five years probation with the first eleven months to be served in the county jail.

On April 1, 2004, Petitioner pleaded guilty to violating the terms of her probation and was sentenced to three to five years in prison.  The trial court's sentence was a departure above the sentencing guidelines range of 0-11 months.

---

[1] Mich. Comp. Laws § 257.625(7)(d); Mich. Stat. Ann. 9.2325(7)(d).

Petitioner's appellate counsel filed a motion for re-sentencing, on the ground that the trial court had improperly departed above the sentencing guidelines range. The motion for re-sentencing was denied, *People v. Morton*, 01-001347-FH (Jackson County Circuit Court, August 30, 2004), and Petitioner's sentence was affirmed on appeal, *People v. Morton*, 257770 (Mich. Ct. App. November 18, 2004); *leave to appeal denied at* 698 N.W. 2d 396 (Mich. 2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Sentence for [the] probation violation exceeded the guidelines for the offense.

(Pet'r's Pet. at 4.)

## II.  DISCUSSION

Petitioner's petition for writ of habeas corpus must be dismissed because Petitioner has failed to allege any facts showing that she is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition

is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *See Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, the court concludes that Petitioner's habeas claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

A Michigan trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). Petitioner has no state-created liberty interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). To the extent that Petitioner is claiming that her sentence violates the Michigan state sentencing guidelines, her claim is not cognizable in a habeas proceeding because it is a state law claim. *See Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner's claim that the trial court improperly departed above the sentencing guidelines range would thus not entitle her to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *see also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-890 (E.D. Mich. 2001) (whether state trial court went beyond state sentencing

guidelines without a reason was an issue not cognizable in federal habeas review).

Accordingly,

### III.  CONCLUSION

IT IS ORDERED that the Petitioner's August 16, 2005 "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DENIED.

    S/Robert H. Cleland              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner                 
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\2254s\05-73175.MORTON.SummaryDismissal.wpd